### HENRY PEYRET *versus* JOHN COFFEE.

An action of the case, under § 4, c. 125, of R. S., for the recovery of property lost in gambling, may be maintained without a previous demand.

The provision of R. S., c. 81, § 114, that the time of the defendant's absence from the State "shall not be taken as a part of the time limited for the commencement of the action," applies to actions upon the statute to recover property lost at gambling.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

CASE under the statute to recover back the property lost in gambling, April 25, 1858. The writ was dated Feb'y 28, 1859. The plea was the general issue, with a brief statement, alleging that the action was not commenced within three months after the alleged cause of action accrued. The evidence was, that the plaintiff lost the property sued for to the defendant in gambling, that a few days after the defendant left the State, and did not return until a few days before this action was commenced.

*A. Merrill*, for the plaintiff.

*Shepley & Dana*, for defendant.

1. There was no demand of the watch by the plaintiff, nor refusal to deliver by the defendant. This was an essential preliminary to the maintenance of the action. 2 Greenl. Ev., § 644, and cases cited.

2. The action is barred by the statute of limitations. This is a statute remedy and must be strictly followed. *Plummer* v. *Gray*, 8 Gray, 243.

The opinion of the Court was drawn up by

APPLETON, J.—This is an action of the case, under R. S., 1857, c. 125, § 4, to recover the value of a watch lost at a faro table, of which the defendant was the keeper.

It is objected that the plaintiff has not proved a demand. But the statute does not require a demand, and we can impose no requirements which the statute has failed to make.

It is next urged that the plaintiff did not bring his action within the three months next following the loss. But the proof shows fully that. the defendant left the State within a day or two after the loss, and did not return till within two or three days before the action was commenced. By R. S., 1857, c. 81, § 114, the time of the defendant's absence " shall not be taken as a part of the time limited for the commencement of the action." The suit was seasonably commenced.

*Defendant defaulted.*

TENNEY, C. J., CUTTING, MAY, GOODENOW and DAVIS, JJ., concurred.